IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHIZUCO COLEMAN,

                Plaintiff-Appellant,                       ORDER

v.

                                                            14-cv-835-jdp

U.S. TRUSTEE'S OFFICE,

                Defendant-Appellee.

---

      Plaintiff-Appellant Chizuco Coleman has appealed an order from the United States Bankruptcy Court for the Western District of Wisconsin that denied her application to employ an attorney. On February 10, 2015, the court received a "Motion by Appellants William L. Needler and William L. Needler and Associates Ltd. to Dismiss Appeal." Dkt. 9. The court observed that the motion was signed by "attorney pro se and appellant" William L. Needler, who is Coleman's attorney, but who is not himself the appellant in this case. Dkt. 10. Due to concerns that Coleman had not actually authorized the motion to dismiss, the court ordered Coleman (or her attorney) to provide a revised motion that indicated that Attorney Needler was, in fact, acting on Coleman's behalf.

      The court received a response on February 18. Dkt. 12. Unfortunately, the filing does not allay the court's concerns; it amplifies them. The "amended motion" again refers to William L. Needler and William L. Needler and Associates Ltd. as appellants, although this time the motion at least adds Coleman as an appellant as well. *Id.* at 1. The more troubling aspect of the filing is a "consent form" that was attached to the motion. Dkt. 12-1. The document resembles an affidavit, and states that Coleman consents to dismissing this appeal. But it is unsigned, and there is a note at the bottom of the form that states: "[w]e have been unable to obtain the signatures of the Colemans for the Consent Forms. Their refusal is based on their Attorney's

advice."[1] *Id.* Thus, it appears that Coleman does *not* want to terminate this appeal. His motions to dismiss (the initial motion, Dkt. 9, and the amended motion, Dkt. 12) will therefore be denied.

There is a larger problem in this case, however, because it is unclear whether Attorney Needler still represents Coleman. If Attorney Needler does represent Coleman, then he appears to have filed the motion to dismiss either without first discussing the motion with his client, or, worse, in direct contradiction of his client's wishes. If Attorney Needler no longer represents Coleman, then he appears to have nevertheless filed a motion purporting to do so. To further complicate matters, Coleman has engaged different counsel to represent him in a bankruptcy proceeding in the Eastern District of Wisconsin. That attorney, however, has not appeared in this case, nor has Attorney Needler moved to withdraw.

The court is not confident that this case is being pursued on Coleman's behalf. Attorney Needler will therefore have 10 days to inform the court of the status of his representation. In addition to any narrative explanation for his actions, Attorney Needler must provide a declaration from Coleman that indicates: (1) whether Coleman authorized Attorney Needler to file this appeal in the first place; (2) whether Coleman currently wishes to pursue this appeal; and, if so, (3) whether Coleman wishes for Attorney Needler to continue to represent her in this appeal. Coleman's declaration must be signed, in ink; an electronic signature is unacceptable. If Coleman indicates that Attorney Needler has acted without her consent, then Attorney Needler should be prepared to show cause why he should not be sanctioned. Copies of this order will be

---

[1] There is no explanation as to which attorney is advising Coleman not to sign the form, but presumably, it is not Attorney Needler. The court assumes that this statement refers to the attorney who is representing Coleman in a newly filed bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Wisconsin. *See In re Coleman*, No. 15-20182 (Bankr. E.D. Wis. filed Jan. 9, 2015).

mailed to Coleman and to the attorney representing her in the Eastern District of Wisconsin litigation.

Accordingly, IT IS ORDERED that:

1. Plaintiff-Appellant Robert Coleman's motion to dismiss, Dkt. 9, and amended motion to dismiss, Dkt. 12, are DENIED.

2. Attorney Needler may have until March 2, 2015, to provide the court with an update on the status of his representation in this case, as outlined above.

3. The clerk's office is directed to mail copies of this order to:

Chizuco Coleman
N9110 11th Drive
Westfield, WI, 53964

and to

Keevan Morgan
Morgan & Bley, Ltd.
900 W. Jackson Blvd.
Suite 4 East
Chicago, IL, 60607.

Entered February 20, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge